J-S25026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :          PENNSYLVANIA
                                    :
            v.                        :
                                    :
                                    :
JUSTIN M. CHAFFIER           :
                                    :
           Appellant          :    No. 3231 EDA 2024

Appeal from the PCRA Order Entered October 22, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0006407-2020

BEFORE:  PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:           **FILED SEPTEMBER 16, 2025**

Appellant, Justin M. Chaffier, appeals from the October 22, 2024 order entered in the Montgomery Court of Common Pleas that dismissed as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Upon review, we affirm.

On April 21, 2021, after a one-day bench trial, the trial court convicted Appellant of Aggravated Indecent Assault and Indecent Assault without the Consent of Another for the sexual assault of a woman he was dating ("Victim").  On September 16, 2021, the court imposed an aggregate sentence of three-and-a-half to seven years' incarceration.  Appellant timely appealed and, *inter alia*, raised ineffective assistance of counsel claims asserting that trial counsel failed to introduce relevant text messages as evidence in his defense.  Concise Statement, 11/4/21, at 1.  This Court affirmed Appellant's

judgment of sentence on September 30, 2022. ***Commonwealth v. Chaffier***, 285 A.3d 966 (Pa. Super. 2022) (non-precedential decision).

On May 26, 2023, Appellant filed a timely initial PCRA petition asserting, *inter alia*, that his trial counsel was ineffective for failing to introduce relevant text messages. PCRA Pet., 5/26/23, at 3-4. Appellant averred that the sexual encounter between himself and Victim was consensual, but Victim saw text messages from other women on Appellant's phone, became angry, started a physical altercation, and subsequently lied about their sexual encounter. ***Id.*** Appellant further explained that Appellant's counsel asked Victim about the text messages but did not present them as evidence. ***Id.*** On October 17, 2023, after issuing a Pa.R.Crim.P. 907 notice, the court dismissed Appellant's first PCRA petition without a hearing. Appellant did not seek appellate review of the order dismissing his first PCRA petition.

On August 6, 2024, almost two years after his judgment of sentence became final, Appellant filed his second PCRA petition averring that (1) the text messages he received on the night of the alleged crime constituted newly discovered evidence because he now believes that the Commonwealth possessed the text message and never turned them over and (2) trial counsel was ineffective for failing to introduce these same text messages. PCRA Pet., 8/6/24, at 3-4.

On September 11, 2024, the PCRA court issued a Rule 907 notice to dismiss Appellant's PCRA petition without a hearing, finding that it lacked jurisdiction to review the underlying merits of Appellant's claims because the

PCRA petition was untimely and Appellant failed to assert an applicable timeliness exception.

On October 8, 2024, Appellant filed a response to the Rule 907 notice to dismiss ("Response"). In his Response, Appellant invoked the government interference exception to the PCRA time-bar and averred that he was asserting for the first time that the Commonwealth possessed the text messages and never turned them over to the defense. Response, 10/8/24, at 2. On October 22, 2024, after considering Appellant's Response, the PCRA court dismissed Appellant's PCRA petition as untimely.

Appellant timely appealed and raises the following issues for our review:

1. Whether the Court erred in failing to allow an evidentiary hearing or other remedy on the basis of text messages withheld by the Commonwealth?

2. Whether trial counsel was ineffective for failing to introduce relevant text messages as evidence in Appellant's defense?

Appellant's Br. at 5.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." *Commonwealth v. Smith*, 167 A.3d 782, 787 (Pa. Super. 2017).

- 3 -

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003). In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed almost two years after his judgment of sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1), including the government interference, newly discovered fact, and new constitutional right exceptions. Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).

To satisfy the newly discovered facts exception, a petitioner must plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." ***Id.*** at § 9545(b)(1)(ii). Our Supreme Court has held that this exception "does not require any merits analysis of the underlying claim." ***Commonwealth v. Bennett***, 930 A.2d 1264, 1271 (Pa. 2007). Rather the exception merely requires the petitioner to plead and prove two elements: "1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence***." **Id.*** at 1272

- 4 -

(internal quotation marks omitted; emphasis in original), citing 42 Pa.C.S. § 9545(b)(1)(ii).

Due diligence requires a petitioner to make reasonable efforts to uncover facts that may support a claim for collateral relief. *Commonwealth v. Brensinger*, 218 A.3d 440, 449 (Pa. Super. 2019). A petitioner must explain why he could not have learned the new facts earlier by exercising due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). Finally, "[w]hile the law provides that Appellant need not provide a nexus between the newly discovered fact and his conviction, he still must provide a connection between the fact and his underlying claim." *Commonwealth v. Fears*, 250 A.3d 1180, 1189 (Pa. 2021).

The government interference exception requires proof that "the failure to raise the claim previously was the result of interference by government officials[.]" 42 Pa.C.S. § 95f45(b)(1)(i). *See also Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). This requires the petitioner to show that, due to the interference of a government actor, "he could not have filed his claim earlier." *Commonwealth v. Vinson*, 249 A.3d 1197, 1205 (Pa. Super. 2021) (citation omitted).

Upon review, Appellant failed to plead and prove any exception to the PCRA time-bar. As the PCRA court explains, Appellant had prior personal knowledge of the text messages that were sent to him and, therefore, fails to invoke the newly discovered fact time-bar exception. The court opines:

> The newly[]discovered facts exception does not apply to this case because [Appellant] was aware of the existence of these text messages at the time of trial as he testified that [Victim] became angry upon learning that women were texting him on September 4, 2020. Moreover, he was aware of these text messages on May 26, 2023 when he filed his 1st PCRA as he argued, *inter alia*, his trial counsel was ineffective for failing to introduce relevant text messages.

Rule 907 Notice at 5 (some numbers omitted). Not only did Appellant reference the text messages during trial and in his first PCRA petition, but he also referenced them on direct appeal. Accordingly, he fails to invoke the newly discovered fact exception.

Next, Appellant avers generally that the Commonwealth withheld the text messages from him but fails to demonstrate how government interference delayed him from raising his claim. Moreover, in his PCRA petition, he fails to explain how or why he did not have access to his own personal text messages.[1] Without more, Appellant fails to plead and prove the government interference exception to the PCRA time-bar.

Finally, an ineffective assistance of trial counsel claim, without more, does not fall under any of the exceptions enumerated in Section 9545(b)(1) and, therefore, fails to overcome the PCRA time-bar. Our Supreme Court has explained that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000).

---

[1] We note that in his reply brief to this Court, Appellant asserts for the first time that the police confiscated his phone when he was arrested in March 2021 and details some efforts that his family members made to obtain the text messages. Appellant's Reply Br. at 7-8.

In sum, the PCRA court did not abuse its discretion when it concluded that Appellant failed to plead and prove an exception to the PCRA time-bar and, thus, dismissed Appellant's petition as untimely. We, like the PCRA court, lack the jurisdiction to entertain the merits of these claims.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/16/2025